UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-321-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| $31,900.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Motion for Default Judgment [DE-8].

## PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint for Forfeiture In Rem [DE-1] in this court on June 21, 2011, alleging that the Defendant, $31,900.00 in United States currency, was "used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6)." Compl. [DE-1] ¶ 6. Attached to the Complaint for Forfeiture In Rem is the declaration [DE-1.1] of Paul B. Summerlin, a depurty sheriff with the Person County Sheriff's Office and Task Force Officer with the Drug Enforcement Administration. In the declaration, Deputy Summerlin details a traffic stop of a vehicle driven by a woman who represented her name was Janine Wright, but whose true name allegedly is Sharlene Wilkes. During the course of the traffic stop, Person County deputy sheriffs seized the $31,900.00, which was stored in the back of a keyboard owned by a passenger in the vehicle, Rodney Victor. A Person County deputy sheriff issued

Rodney Victor a receipt for the defendant currency.

In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court issued a "Warrant of Arrest and Notice In Rem" [DE-3] on June 24, 2011. The Warrant of Arrest and Notice In Rem specifically is directed "To: THE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF NORTH CAROLINA," and contains the following two-sentence instruction:

> YOU ARE, THEREFORE, hereby commanded to arrest, attach, and retain the above-described property until the further order of this Court respecting the same; to give due notice to all persons claiming the same, knowing or having anything to say why the same should not be condemned and disposed of pursuant to the prayer of the Complaint, that they must file their claims to the property within thirty-five (35) days after the earlier of (a) the date this Warrant of Arrest and Notice In Rem is sent, as defined by Supplemental Rule G(4) (b) (iv) or (b) from completed publication of the notice of filing of the Complaint, if required, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, and shall serve and file their answers within twenty-one (21) days after the filing of the claim, with the Office of the Clerk, United States District Court, Eastern District of North Carolina, 310 New Bern Avenue, P.O. Box 25670, Raleigh, North Carolina 27601-1481, with a copy thereof sent to Assistant U. S. Attorney, Stephen A. West, 310 New Bern Avenue, Federal Building, Suite 800, Raleigh, North Carolina 27601-1461. The claim must, at a minimum, identify the specific property claimed, identify the claimant and state the claimant's interest in the property, and be signed by the claimant under penalty of perjury, as provided by Supplemental Rule G(5).

Warrant of Arrest and Notice In Rem [DE-3] , pp. 2-3.

The United States Marshal promptly filed proof of service as to the Defendant currency. *See* Process Receipt and Return [DE-4]. The Government, however, did not take further action in the case until the Clerk of Court issued a Notice of Failure to Make Service Within 120 days [DE-5] on December 27, 2011. Thereafter, on January 4, 2012, the Government filed an Affidavit of Failure to Plead or Otherwise Defend [DE-6], Motion for Entry of Default [DE-7],

and Motion for Default Judgment [DE-8]. The Clerk of Court allowed the Motion for Entry of Default Judgment and submitted the Motion for Default Judgment to the undersigned.

## DISCUSSION

As explained below, the Government's Motion for Default Judgment [DE-8] is DENIED for failure to comply with Supplemental Rule G(4)(b)(i) and the Due Process Clause of the Fifth Amendment.

The Due Process clause of the Fifth Amendment prohibits the deprivation of property without "due process of law." U.S. Const., Amend. V. Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Accordingly, Supplemental Rule G(4) sets forth how a plaintiff must provide notice in an asset forfeiture case to ensure due process of law. FED.R.CIV.P. SUPP. R. G(4). Supplemental Rule G(4)(a) requires the Government to publish notice of the forfeiture action in a newspaper of general circulation within the district where the court sits once a week for three consecutive weeks. The Government also must send direct notice to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." FED.R.CIV.P. SUPP. R. G(4)(b)(i).

In this case, in support of its Motion for Default Judgment, the Government presumably relies on the Affidavit of Failure to Plead or Otherwise Defend [DE-6].[1] In the affidavit, the

---

[1] The Motion for Default Judgment itself does not reference the Affidavit. The Proposed Order [DE-8.1] allowing the Motion for Default Judgment states: "It appearing that a copy of the Complaint herein was served upon the potential claimant of the defendant and that publication has been duly made, in accordance with Supplemental Rule G(4), and, thus that

3

Assistant United States Attorney representing the Government avers: "Court records and files[2] show[] that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on Geurby Victor, a potential claimant of the defendant, c/o of his counsel of record, Robert M. Gamburg, via certified mail on August 10, 2011 by an agent of the U. S. Postal Service." Aff. of Steve West [DE-6] ¶ 3.

The court finds that the notice to *Geurby* Victor, without further explanation, does not satisfy due process requirements. The Government *must* send notice and a copy of the complaint to any person who reasonably appears to be a potential claimant. Here, the declaration attached the Complaint for Forfeiture In Rem states "[t]he following facts outline the seizure of $31,900 in U.S. Currency that was *seized from Janine Wright* on January 20, 2011." Decl. of Paul Summerlin [DE-1.1] at p. 1 (emphasis added). Later in the declaration, Deputy Sheriff Summerlin states that *Rodney* Victor was issued a receipt for the currency seized during the traffic stop. Rather than provide proof of direct notice as to these individuals, however, the Government provided proof of notice to counsel for *Geurby* Victor. There is no explanation in the record as to the relationship, if any, between Geurby Victor and the three occupants of the vehicle from which the defendant currency was seized. Nor is there an explanation as to why neither Janine Wright/Sharlene Wilkes or Rodney Victor received direct notice of this action. Given this record, the court cannot find that a copy of the Complaint in this action was served

due notice was given accordingly . . . ." Proposed Order [DE-8.1] at p. 1.

[2] The court assumes the Government means *its* files, because no court record or files prior to the filing of the affidavit showed proof of service on anyone other than the defendant currency

4

upon the potential claimant(s) of the defendant currency. The court, accordingly, cannot find that the Government complied with Supplemental Rule G(4)(b)(i) or the Due Process clause of the Fifth Amendment.

The Government's Motion for Default Judgment [DE-8] is DENIED without prejudice. The Government is ORDERED to send, within 21 days of the filing date of this order, Notice of this proceeding to Janine Wright/Sharlene Wilkes and Rodney Victor in accordance with Supplemental Rule G(4)(b)(ii)-(iii). The Government is ORDERED to, within 35 days, file proof of such service, or an affidavit showing why such service is not necessary or unreasonable.

Moreover, the court recognizes that Supplemental Rule G(5)(ii)(B) provides that a person must file a claim "no later than 30 days after final publication of newspaper notice or legal notice" or "no later than 60 days after the first day of publication on an official internet government forfeiture site" if "notice was published but direct notice was not sent to the claimant or the claimant's attorney." Given the circumstances of this case, the court finds that good cause exists to allow the potential claimant(s) 35 days from the date the required notice is sent as provided in this order.

## CONCLUSION

For the foregoing reasons, the Government's Motion for Default Judgment [DE-8] is DENIED without prejudice. The Government is ORDERED to send, within 21 days of the filing date of this order, Notice of this proceeding and a copy of this order, to Janine Wright/Sharlene Wilkes and Rodney Victor in accordance with Supplemental Rule G(4)(b)(ii)-(iii). The Government is ORDERED to, within 35 days, file proof of such service, or an affidavit showing

5

why such service is not necessary or unreasonable.

SO ORDERED.

This the 9th day of January, 2012.

*[signature]*
JAMES C. FOX
Senior United States District Judge